Hofstadter, J.
Since our public policy strongly favors the preservation of the marriage relation, a reconciliation of husband and wife, parties to a matrimonial action, can never be treated as the frustration either in letter or spirit of a judgment or order of this court in the action.
The plaintiff, an attorney, sues the defendants, husband and wife, to recover compensation for services rendered to the wife in an action for separation instituted in the Supreme Court, Kings County. An order in that action awarded the wife a counsel fee of $500, paid by the husband, with permission to apply to the trial court for an additional counsel fee. On the eve of trial the parties became reconciled and the wife instructed the plaintiff to discontinue the action, to effect its discontinuance, and discharged him as her counsel on the consummation of the discontinuance. By letter she agreed to pay plaintiff $1,000, of which $500 was to be paid the following day and the other $500 about a month later. Though the appeal was taken solely upon the judgment roll, on the argument the parties stipulated that this letter be deemed part of the record, and the same has accordingly been submitted to us. The wife paid the first $500 in accordance with this letter, but not the second. Thereupon the plaintiff instituted this action, in which he asserts a first cause against both defendants for the reasonable value of his services in the separation suit, and a second cause of action *174 against the wife alone for the balance of $500 due under the letter. The Trial Justice dismissed the first cause of action and awarded plaintiff $500 against the wife on the second cause of action. The judgment for this sum has been satisfied. Plaintiff appeals from the dismissal of his first cause of action. He urges that by the discontinuance of the separation action following their reconciliation, the defendant made it impossible for him to apply to the trial court for an additional counsel fee and thereby relegated him to his common-law rights.
It is crystal clear from the wife’s letter that the $1,000 agreed to be paid was intended to discharge in full any claim of the plaintiff for his services in the separation action against either of the defendants. His complaint virtually, if not explicitly, admits as much. Since he has recovered the balance of $500, and this sum has been paid to him, he has no further claim and his first cause of action was properly dismissed.
The judgment so far as appealed from should be accordingly affirmed, with costs.
Aurelio and Tilzer, JJ., concur.
Judgment affirmed, etc.